IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00011-WJM-KLM

CHRISTOPHER COX,

     Plaintiff,

v.

STEVE OWENS, Warden of Colorado State Penitentiary,
PHYSICIANS HEALTH PARTNERS INSUR., and
RICHARD HODGE, M.D.,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on the **Motion to Dismiss** [#30][1] (the "Motion"), filed

by Defendants Steve Owens ("Owens") and Richard Hodge, M.D., ("Hodge") (collectively,

the "CDOC Defendants").  Plaintiff Christopher Cox, who is proceeding pro se,[2] filed a

Response [#32] in opposition to the Motion and the CDOC Defendants filed a Reply [#33].

Plaintiff then filed a Surreply entitled "Reply in Support of Motion in Opposition of Motion

---

[1]  "[#30]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the court's electronic case filing and management system
(CM/ECF).  This convention is used throughout the Recommendation.

[2]  The Court must construe liberally the filings of a pro se litigant.  *See Haines v. Kerner*, 404
U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the
Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual
allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf."
*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).
In addition, pro se litigants must follow the same procedural rules that govern other litigants.
*Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

to Dismiss" [#34] (the "Surreply").[3]  The Motion has been referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c).  *See* [#31]. The Court has reviewed the Motion, the Response, the Reply, the Surreply, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#30] be **GRANTED**.

## I.  Summary of the Case

Plaintiff is presently incarcerated at Arkansas Valley Correctional Facility ("AVCF"), but throughout the period relevant to this lawsuit, he was incarcerated at Colorado State Penitentiary ("CSP").  *Am. Compl.* [#18] at 3-4; *Notice of Change of Address* [#8].  On January 2, 2018, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 asserting claims under the Eighth Amendment.  *See* [#1].  On January 22, 2018, Plaintiff filed his Notice of Change of Address [#8] indicating that he had been transferred to AVCF.  On April 9, 2018, Plaintiff filed his Amended Complaint [#18], the operative pleading in this case.  In the Amended Complaint, Plaintiff generally alleges that the CDOC Defendants and Defendant Physicians Health Partners Insur. ("PHP")[4] violated Plaintiff's Eighth Amendment right to receive adequate medical care while incarcerated at CSP when Plaintiff's hernia was treated with a hernia belt and stool softeners rather than surgery.  *See* [#18] at 3-5.  The following allegations of the Amended Complaint [#18] are accepted as true for purposes

---

[3]  Plaintiff filed the Surreply [#34] without properly seeking leave of the Court, i.e., by filing a separate motion.  Although the filing of surreplies is not contemplated by the Federal Rules of Civil Procedure or the Court's Local Rules, out of an abundance of fairness to Plaintiff, the Court has considered the arguments in his Surreply.

[4]  This Recommendation does not address Defendant PHP, who was only recently served on January 8, 2019.  *See Summons Returned Executed* [#47].  Defendant PHP has not yet responded to Plaintiff's Amended Complaint [#18].  Thus, the Recommendation does not address Plaintiff's Eighth Amendment claim against Defendant PHP.

of determining the Motion [#30]. *See Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

According to Plaintiff, he "developed a hernia while incarcerated at CSP[ ] which causes him significant pain and numbness in his upper thigh." *Am. Compl.* [#18] at 3. Defendant Hodge, a physician at CSP, initially recommended surgery to treat Plaintiff's hernia. *Id.* However, Plaintiff alleges that Defendant Hodge ultimately refused to perform the surgery because Defendant PHP, the healthcare provider at CSP, has a policy which deems hernia surgery as an elective procedure unless the hernia is strangulated or incarcerated. *Id.* Plaintiff does not allege that his hernia was either strangulated or incarcerated. *See generally id.* at 3-5. Instead of surgery, Plaintiff began receiving treatment in the form of a hernia belt and stool softeners in September of 2016. *Id.* at 3 Plaintiff alleges that this treatment was "ineffective to alleviate his pain and that his condition has worsened." *Id.* No facts have been alleged concerning Plaintiff's medical treatment since his transfer to AVCF in January of 2018. *See generally id.* at 3-5; *Notice of Change of Address* [#8].

Based on the facts alleged, Plaintiff asserts an Eighth Amendment claim against all Defendants for violating his right to receive adequate medical care. *Am. Compl.* [#18] at 4-5. With respect to Defendant Hodge, Plaintiff alleges that Defendant Hodge was "involved directly in the choice to stall necessary surgery and prolong the Plaintiff's pain." *Id.* at 4. Regarding Defendant Owens, the Warden at CSP, Plaintiff asserts that Defendant Owens' liability is premised on the fact that Plaintiff's mother sent Defendant Owens a letter concerning Plaintiff's condition which, according to Plaintiff, gave Defendant Owens "sufficient notice to alert him to a violation of law." *Id.* at 5. Plaintiff appears to assert his

Eighth Amendment claim against Defendants Hodge and Owens both in their individual and official capacities. *Id.* at 2, 4, 5. The claim against Defendant Owens in his individual capacity was dismissed with prejudice on April 18, 2018, pursuant to 28 U.S.C. § 1915(e)(2).[5] *See Order* [#19] at 5. Plaintiff seeks monetary damages and injunctive relief. *Am. Compl.* [#18] at 3, 7.

The CDOC Defendants filed the instant Motion on June 22, 2018, seeking to dismiss the remainder of Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). [#30] at 1. Specifically, the CDOC Defendants argue that Plaintiff's Eighth Amendment claim against Defendant Hodge in his individual capacity should be dismissed on the grounds of qualified immunity and failure to state a claim. *Id.* at 4-10. Further, the CDOC Defendants argue that Plaintiff's Eighth Amendment claim against Defendants Hodge and Owens in their official capacities should be dismissed on the grounds of mootness. *Id.* at 10-11.

## II. Standard of Review

### A. Federal Rule of Civil Procedure 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject matter jurisdiction on federal courts are to be strictly

---

[5] Plaintiff's claim against Defendant Owens in his individual capacity was dismissed with prejudice because Plaintiff failed to show specific facts that Defendant Owens was personally involved in the decisions concerning Plaintiff's medical treatment. *See Order* [#19] at 5.

construed. *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

## B.    Federal Rule of Civil Procedure 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to

weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original and internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][ ]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

**C. Qualified Immunity**

Qualified immunity, in certain circumstances, protects government officials from litigation when they are sued in their individual capacities. *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 814-18 (1982). A government official is entitled to qualified immunity from liability for civil damages when his or her allegedly unlawful conduct did not violate any of the plaintiff's statutory or constitutional rights that (1) were "clearly established" at the time of the conduct, and (2) would have been known to a reasonable person in the official's position. *Harlow*, 457 U.S. at 818. A government official is entitled to qualified immunity in "[a]ll but the most exceptional cases." *Harris v. Bd. of Educ. of Atlanta*, 105 F.3d 591, 595 (11th Cir. 1997).

The threshold inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* However, "if a violation could be made out on a favorable view of the parties' submissions," a court must "ask whether the right was clearly established." *Id.*; *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that although qualified immunity determination involves a two-part inquiry, if the plaintiff fails either inquiry reviewed in any order, no further analysis need be undertaken and qualified immunity is appropriate).

### III. Analysis

**A. Eighth Amendment Claim Against Defendant Hodge in his Individual Capacity**

Defendant Hodge asserts an entitlement to qualified immunity in the Motion, thus

the Court will first examine whether Plaintiff's Eighth Amendment claim against Defendant Hodge in his individual capacity should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Butler v. Rio Rancho Pub. Sch. Bd. Of Educ.*, 341 F.3d 1197, 1200 (10th Cir. 2003) ("Since the [defendant] raised the defense of qualified immunity in its motion to dismiss, we first examine whether the [plaintiff] asserted a violation of federal law in their complaint."); *see also Motion* [#30] at 3-4.

The defense of qualified immunity is available to: (1) individual governmental officials, but not governmental entities; (2) regarding claims for monetary damages, but not claims for injunctive or declaratory relief; and (3) regarding claims against individual government officials in their individual capacities, not official capacities. *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. Nov. 22, 2004). When a defendant raises qualified immunity in a Rule 12(b)(6) motion to dismiss, the Court employs a two-step process. One part of the inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation. *Saucier*, 533 U.S. at 201. The other inquiry is to determine if there was a clearly established right. *Id.* In the Motion, Defendant Hodge argues that Plaintiff has not stated a plausible violation of his Eighth Amendment constitutional right to appropriate medical care. [#30] at 2-3. Accordingly, the Court proceeds to examine the sole individual capacity claim for monetary damages against Defendant Hodge.

**1.     Failure to State an Eighth Amendment Violation**

The Eighth Amendment of the United States Constitution provides that "cruel and unusual punishments" shall not be inflicted. U.S. Const. amend. VIII. Punishments that "involve the unnecessary and wanton infliction of pain" violate this provision. *Gregg v. Geogia*, 428 U.S. 153, 173 (1976). Because prisoners "must rely on prison authorities to

treat [their] medical needs," *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104 (quoting *Gregg*, 428 U.S. at 173). The test of deliberate indifference is both objective and subjective: a prisoner must establish that he was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the defendant subjectively knew of and disregarded "an excessive risk to [the prisoner's] health or safety." *Id.* at 837.

### a.    Objective Prong: Sufficiently Serious Condition

As to the objective component, the Court considers whether Plaintiff's harm suffered "rises to a level 'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause" of the Eighth Amendment. *Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005). A medical need is "sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 751 (citation and internal quotation marks omitted).

Here, Plaintiff alleges that Defendant Hodge diagnosed Plaintiff's hernia and initially recommended surgery in 2016. *Am. Compl.* [#18] at 3. Although Plaintiff did not receive surgery because his hernia was neither strangulated nor incarcerated, Plaintiff did receive treatment in the form of a hernia belt and stool softeners. *Id.* at 3, 5. For purposes of the Motion, Defendants appear to concede the objective prong by stating that they "do not dispute that hernias generally require a medical professional's treatment." [#30] at 7. Therefore, based on Defendants' concession and the facts alleged by Plaintiff regarding

his hernia diagnosis and treatment, the Court finds that Plaintiff alleges a sufficiently serious medical condition for the purposes of his deliberate indifference claim.

### b.  Subjective Prong: Knowledge and Disregard of Excessive Risk

Turning to the subjective prong of the test for deliberate indifference, Plaintiff must allege that Defendant Hodge "kn[ew] of and disregard[ed] an excessive risk to [Plaintiff's] health and safety." *Farmer*, 511 U.S. at 837.  A defendant knows of and disregards an excessive risk to a prisoner's health and or safety when he is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and he actually draws that inference.  *Id.*  Importantly, "it is obduracy and wantonness, not inadvertence or error in good faith," that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Neither negligence in diagnosis or treating a condition, nor medical malpractice rises to the level of an Eighth Amendment violation for deliberate indifference.  *See Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997).  While a plaintiff's disagreement with the course of treatment employed by prison medical staff may "amount[ ] to a medical malpractice claim cognizable in state court . . . a medical malpractice claim does not become a constitutional violation simply because the plaintiff is a prisoner." *Pearson v. Simmons*, No. 95-3006-GTV, 1998 WL 154552, at *2 (D. Kan. Mar. 17, 1998) (citations omitted).

Accordingly, a prisoner does not have a valid claim of deliberate indifference simply because he was denied a "particular course of treatment" that he desired. *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006).  "[A] prison doctor remains free to exercise his or her independent professional judgment," *id.* (citing *Dulany v. Carnahan*, 132 F.3d

1234, 1240 (8th Cir. 1997)), and "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview." *Id.* (citing *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)). This is because a "prisoner's right is to medical care -- not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975). An inmate's difference of opinion concerning the medical treatment that he receives does not generally support a claim for cruel and unusual punishment. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). In sum, Plaintiff must demonstrate "deliberate refusal to provide medical attention, as opposed to a particular course of treatment." *Fleming v. Uphoff et al.*, 210 F.3d 289, 2000 WL 374295, at *2 (10th Cir. Apr. 12, 2000) (unpublished table decision) (quoting *Green*, 108 F.3d at 1303).

Here, Plaintiff alleges that Defendant Hodge violated Plaintiff's Eighth Amendment right to receive adequate medical care by providing Plaintiff with a hernia belt and stool softeners in accordance with PHP's policy regarding hernias rather than performing surgery as Defendant Hodge had initially recommended. *Am. Compl.* [#18] at 3. In the Motion, Defendants argue that this allegation demonstrates that Defendant Hodge neither disregarded an excessive risk to Plaintiff's safety nor failed to treat Plaintiff's condition outright given that Defendant Hodge did provide medical treatment. [#30] at 7-8. The Court agrees.

Defendant Hodge's diagnosis of Plaintiff's hernia and initial recommendation for surgery demonstrate that he knew of Plaintiff's condition. Moreover, given that Defendant Hodge did provide Plaintiff with two forms of treatment, it does not appear that he

consciously disregarded the risk to Plaintiff's health despite the fact that he did not perform the surgery that was initially recommended. Thus, Plaintiff alleges no facts to demonstrate that Defendant Hodge subjectively knew that the hernia belt and stool softeners were an inadequate form of treatment, placing Plaintiff at a substantial risk of serious harm. *See Farmer*, 511 U.S. at 837.

In his Response and Surreply, Plaintiff argues that the hernia belt and stool softeners were an inadequate form of treatment because hernias "cannot be cured with anything other than surgery." [#32] at 7; *see also* [#34] at 8, 10-11. Contrary to Plaintiff's assertion, several courts have recognized that delaying surgery and opting for hernia belts is an appropriate form of hernia treatment that does not amount to deliberate indifference. *See, e.g., Karsten v. Camacho, P.A.*, 595 F. App'x 835, 837 (10th Cir. 2014) (finding that the plaintiff failed to state a claim for deliberate indifference where he was treated with a hernia belt and placed on light duty before his hernia became incarcerated); *Jackson v. Jackson*, 465 F. App'x 813, 814-15 (11th Cir. 2012) (noting the "common medical practice to postpone surgery until a hernia becomes strangulated"); *Winslow v. Prison Health Servs.*, 406 F. App'x 671, 674-75 (3d Cir. 2011) (citing evidence in the record that "the standard treatment for an inguinal hernia was non-surgical"); *Denmark-Wagner v. Correct Care Sol.*, No. 12-3169, 2013 WL 161192, at *2 (D. Kan. Jan. 15, 2013) ("Plaintiff's bald allegation -- that surgery is the appropriate medical standard and proscribed treatment -- is insufficient to establish that the treatment being provided is constitutionally inadequate.").

Although Plaintiff may have preferred surgery over the treatment he received, the denial of a preferred course of treatment does not constitute deliberate medical indifference. *See Callahan*, 471 F.3d at 1160. As stated above, Plaintiff has a right to

medical care, not the type he personally desires. *See Henderson*, 518 F.2d at 695. In *Karsten v. Camacho, P.A.*, the Tenth Circuit addressed similar circumstances. 595 F. App'x at 837. In *Karsten*, an inmate brought a civil rights claim for deliberate indifference against prison medical staff. *Id.* at 836. The plaintiff alleged that the prison staff's refusal to treat his hernia with surgery before it became strangulated caused him extreme and prolonged pain in violation of the Eighth Amendment. *Id.* at 837. The plaintiff was provided with a hernia belt and placed on lifting restrictions prior to his hernia becoming strangulated. *Id.* The district court held that the plaintiff had failed to state a claim, and the Tenth Circuit affirmed on the grounds that the plaintiff had failed to meet the subjective prong of deliberate indifference, as the surgery had been rejected by a physician assistant and superiors in the chain of command. *Id.* In sum, the Tenth Circuit held that the plaintiff did not raise a plausible claim that the physician assistant's "failure to do more than he did evinced deliberate indifference" to the plaintiff's pain. *Id.* Accordingly, and in line with *Karsten*, this Court finds that Plaintiff has failed to demonstrate that Defendant Hodge subjectively knew of and disregarded an excessive risk to Plaintiff's health by following a policy under which Plaintiff was provided an acceptable form of alternative treatment for his hernia. As alleged, Defendant Hodge's conduct amounts to a medical judgment, which is beyond the scope of the Eighth Amendment. *See Callahan*, 471 F.3d at 1160.

In his Response and Surreply, Plaintiff cites a number of cases for the proposition "that interference with medical judgments for factors unrelated to a persons['] medical needs is illegal" and that failure to perform surgery against a doctor's recommendation for cost reasons amounts to deliberate indifference. *See* [#32] at 5-6 (citing *West v. Atkins*, 487 U.S. 42 (1988); *Hamilton v. Endell*, 981 F.2d 1063 (9th Cir. 1992); *Jones v. Johnson*,

781 F.2d 769 (9th Cir. 1986); *Wilson v. VanNatta*, 291 F. Supp. 2d 811 (N.D. Ind. 2003); *Baker v. Blanchette*, 186 F. Supp. 2d 100 (D. Conn. 2001); *Kruger v. Jenne*, 164 F. Supp. 2d 1330 (S.D. Fla. 2000); *Starbeck v. Linn Cty. Jail*, 871 F. Supp. 1129 (N.D. Iowa 1994)).

As an initial matter, none of the cases Plaintiff cites are binding precedent in the Tenth Circuit with the exception of *West v. Atkins*, 487 U.S. 42 (1988), which does not address the test for deliberate indifference.[6] *Id.* at 48-57. Moreover, although many of the cases Plaintiff cites do suggest that delaying or avoiding surgery for non-medical reasons may premise a claim for deliberate indifference, Plaintiff fails to explain how the cases demonstrate that Defendant Hodge, individually, acted with deliberate indifference in diagnosing Plaintiff's hernia and providing treatment. Notably, most of the cases Plaintiff relies on present circumstances in which an inmate was either denied any treatment at all or had existing treatment cancelled or disregarded for no justifiable reason. *See, e.g., Hamilton*, 981 F.2d at 1066-67 (discussing allegations that prison officials ignored treating physician's post-surgery travel restrictions based solely on the opinion of another physician who had never examined the plaintiff); *Kruger*, 164 F. Supp. 2d at 1340 (discussing prisoner's allegation that he was repeatedly denied any form of treatment solely for cost reasons); *Jones*, 781 F.2d at 771-72 (discussing prisoner's allegation that he received no treatment for his hernia because, according to one of his doctors, the county had a "tight budget");[7] *Wilson*, 291 F. Supp. 2d at 816-17 (discussing prisoner's allegation that his

---

[6] In *West v. Atkins*, the Supreme Court held that a private physician employed by a state to provide medical services at a state prison acts under color of state law for purposes of § 1983 when providing medical treatment to an inmate. 487 U.S. at 54-57; *see Wittner v. Banner Health*, 720 F.3d 770, 779 (10th Cir. 2013) (noting that "*West* is at its core a public function case").

[7] The Court notes that in 2014, the Ninth Circuit overruled *Jones v. Johnson* to the extent that decision could be read to apply to monetary damages against an official who lacks authority

medical treatment was cancelled because the prison could not afford the cost); *Baker*, 186

F. Supp. 2d 104-05 (holding, on summary judgment, that plaintiff produced sufficient

evidence to show that his previously authorized surgery was delayed solely because of

cost). Additionally, in the cases Plaintiff cites where a treating physicians' conduct was at

issue, there were specific factual allegations or sufficient evidence to demonstrate that the

physician consciously disregarded the inmates' conditions in failing to provide treatment.

*See, e.g., Wilson*, 291 F.Supp. 2d at 816-17; *Baker*, 186 F. Supp. 2d 104-05; *Kruger*, 164

F. Supp. 2d at 1340; *Starbeck*, 871 F. Supp. at 1146 (holding, on summary judgment, that

defendants failed to address nurse's deposition testimony that indicated plaintiff's surgery

was denied solely for cost reasons); *Jones*, 781 F.2d at 771-72. Here, as discussed above,

there are no allegations that Defendant Hodge made a conscious decision to disregard the

Plaintiff's condition with inadequate treatment. *See Am. Compl.* [#18] at 3-4.

The Court notes that Plaintiff's argument here appears to be directed more toward

Defendant PHP's hernia surgery policy rather than Defendant Hodge's conduct in response

to that policy. Plaintiff conclusory refers to Defendant Hodge as a "policy maker" at CSP

but provides no other facts as to what policy-making Defendant Hodge participated in or,

more importantly, whether Defendant Hodge had any involvement in creating PHP's hernia

surgery policy. *Id.* at 4.[8] To the extent that Plaintiff is alleging that Defendant Hodge

should have unilaterally performed the surgery himself, the Court agrees with Defendants

_____

over budgeting decisions. *Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014).

[8] The Court further notes that, to the extent Plaintiff is suggesting that Defendant Hodge
created the hernia policy, this appears to be contradicted by Plaintiff's allegation that Defendant
Hodge initially recommended surgery counter to the policy. *Am. Compl.* [#18] at 3-4.

that this allegation does not sufficiently assert that Defendant Hodge was qualified or authorized to do so in light of Plaintiff's other factual allegations. *See Reply* [#33] at 2.

Accordingly, the Court finds that Plaintiff's continued treatment for his hernia with an accepted medical practice demonstrates that Defendant Hodge did not act recklessly or in defiance of Plaintiff's health. Therefore, the Court concludes that Plaintiff fails to sufficiently allege the subjective prong of deliberate indifference to demonstrate that Defendant Hodge's conduct rises to the level of a constitutional violation based on deliberate indifference under the Eighth Amendment.

### 2.    Clearly Established Right

As to the second prong of qualified immunity, if no "constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201. Given that Plaintiff has failed to meet the requirements of his Eighth Amendment claim against Defendant Hodge in his individual capacity, the Court need not consider whether Plaintiff has alleged a violation of a clearly established right. Therefore, the Court finds that Plaintiff fails to allege a plausible basis to deny Defendant Hodge qualified immunity.

Finding that no constitutional violation has sufficiently been alleged, the Court concludes that Defendant Hodge is entitled to qualified immunity on Plaintiff's Eighth Amendment claim. *See Escobar v. Reid*, 668 F. Supp. 2d 1260, 1293 (D. Colo. 2009). The Court respectfully **recommends** that Plaintiff's Eighth Amendment claim against Defendant Hodge in his individual capacity be **dismissed without prejudice**. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding that prejudice should not attach to

a dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

**B.      Eighth Amendment Claim Against CDOC Defendants in their Official Capacity**

Defendants next argue that Plaintiff's official capacity claims for injunctive relief against the CDOC Defendants are moot, thus the Court examines if there is still a live case or controversy pursuant to Fed. R. Civ. P. 12(b)(1).  *See Motion* [#30] at 10-11.  Plaintiff is undisputedly no longer housed at CSP.  *See Notice of Change of Address* [#8].  In his Response, Plaintiff does not concede that the relief he requests is moot.  [#32] at 11.  He argues that if "courts were to allow [the dismissal of claims on grounds of mootness], every state prison system in America would immediately begin transferring any inmate who[ ] has filed a [42 U.S.C. § 1983 claim]."  *Id.*  By seeking dismissal on the basis of mootness, Defendants request a ruling on whether the Court has subject matter jurisdiction over this claim.  *See Motion* [#30] at 4.  The Court addresses this argument next.

Mootness is an issue of subject matter jurisdiction, which can be raised at any stage of the proceedings.[9]  *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001).  This Court has no jurisdiction to consider moot cases, that is, cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted).  "It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed."  *Deberry*

---

[9]  The Court may also consider the question of subject matter jurisdiction sua sponte at any time.  *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988); *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1293 n.6 (D. Colo. 2009).

*v. Davis*, 460 F. App'x 796, 799 (10th Cir. 2012) (internal quotation marks and citation omitted).  A claim may become moot at any point in the controversy and deprive the Court of authority to decide questions which had previously been at issue.  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).  "[I]t is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *McLendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

Although it is unclear what sort of injunctive relief Plaintiff seeks, the Court liberally construes Plaintiff's requested injunction to seek an order granting him the surgery he desires.  *See Am. Compl.* [#18] at 3, 8 (stating that Plaintiff seeks "injunctive relief"). Plaintiff's transfer from CSP to AVCF means the relief he requests is moot because he is no longer under the care of the defendants named in his Amended Complaint [#18].  *See McLendon*, 100 F.3d at 867; *Geraghty*, 445 U.S. at 396 (stating that application of the mootness doctrine requires examination of whether "the parties lack a legally cognizable interest in the outcome").  To illustrate, the Court briefly discusses application of the mootness doctrine to the relief Plaintiff seeks.

"Where a plaintiff seeks an injunction, his susceptibility to continuing injury is of particular importance -- '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'"  *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).  Plaintiff has not alleged facts illustrating that he is being injured in an ongoing and continuous manner based on actions by

Defendant Hodge or Defendant Owens.[10]  *See generally Am. Compl.* [#18].  Plaintiff developed his hernia while incarcerated at CSP.  *Id.* at 3.  Since being transferred to AVCF, the Court is not aware of any allegations that Defendants Hodge or Owens are continuing to (1) provide him medical care, (2) are responsible for his incarceration, or (3) work at the same correctional facility where Plaintiff is incarcerated.  He has simply not alleged the "real and immediate" injury by these Defendants necessary for entry of injunctive relief.  *See Rizzo v. Goode*, 423 U.S. 362, 372 (1976) (stating that claim for injunctive relief was moot where allegations of "real and immediate" injury were attenuated).

Having found that Plaintiff's request for injunctive relief is moot, the Court next examines if any exceptions to the mootness doctrine apply.  Construing Plaintiff's Response liberally, the Court interprets Plaintiff's argument to be that his claim is not moot because it qualifies for the mootness exception regarding a wrong capable of repetition yet evading review.  *See* [#32] at 13.  Plaintiff bears the burden of establishing the applicability of the exception that the wrong alleged is capable of repetition yet evading review.  *Jordan*, 654 F.3d at 1012.  Here, the Court finds that Plaintiff has not met his burden.  The Court finds that, accepting Plaintiff's allegations as true, Plaintiff does not present a reasonable likelihood that he will be reassigned or transferred back to CSP.  *Response* [#32] at 10.

The inquiry regarding the "capable of repetition yet evading review" exception to the mootness doctrine turns on whether Plaintiff has established a demonstrated probability that he will be reassigned to CSP in the future, and thereby will again be subject to the

---

[10] Although Plaintiff alleges various ongoing pain related to his hernia, all prison staff named as Defendants are employed at CSP.  No allegations have been made regarding any request for medical care at his present correctional facility, AVCF.  *See generally Am. Compl.* [#18]; *Response* [#32].

medical decisions and treatment at issue in this case. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again . . .."); *Underwood v. United States*, 255 F. App'x 337, 338 (10th Cir. 2007) ("[P]laintiff must do more than speculate about future possibilities. [Plaintiff] must show a 'reasonable expectation' or a 'demonstrated probability' that this same controversy . . . will recur.") (citation and internal quotation marks omitted)). Here, Plaintiff contends that transfers will become a frequent tactic of prisons in the future to avoid medical treatment sought by prisoners. *Response* [#32] at 11; *Surreply* [#34] at 12. This is an attenuated argument for a wrong that will happen again in the future, yet evade review. However, Plaintiff does not allege any facts to support the contention that he may be reassigned to CSP at any time before his term of incarceration is completed. *Response* [#32] at 11; *Surreply* [#34] at 12.

The Court concludes that Plaintiff has not demonstrated with any specificity or immediacy that he will be reassigned to CSP. Similar to the Tenth Circuit's determination in *Jordan v. Sosa*, Plaintiff "offers [the Court] nothing to validate the reasonableness of his expectancy of changed conditions of penal confinement." 654 F.3d at 1036. Making a decision as to the medical care and policies provided at CSP, especially regarding a plaintiff who is no longer incarcerated at CSP and who has not established a demonstrable probability that he will be reassigned to CSP, would constitute rendering an impermissible advisory opinion. *See Deberry*, 460 F. App'x at 799. Therefore, the Court finds that the exception to the mootness doctrine for situations that are capable of repetition yet evade review is inapplicable to this case.

In light of the above-stated legal precedent, the only potential exception to the mootness doctrine asserted by Plaintiff does not apply here, and the Court therefore lacks subject matter jurisdiction over Plaintiff's claim for injunctive relief. Thus, if the Court issued an order granting the relief requested, the order would be an impermissible advisory opinion regarding conditions of confinement at CSP and would have no "effect in the real world" for Plaintiff. *See Jordan*, 654 F.3d at 1030. "[A]s a federal court, [the Court is] not in the business of rendering such feckless judgments." *Deberry*, 460 F. App'x at 799.

In sum, the Court respectfully **recommends** that Plaintiff's Eighth Amendment claim against Defendants Hodge and Owens in their official capacity be **dismissed without prejudice as moot** for lack of subject matter jurisdiction. *See Lewis v. Burger King*, 398 F. App'x 323, 325 n.3 (10th Cir. 2010) (holding dismissal due to mootness must be without prejudice); *Brereton*, 434 F.3d at 1216-17.

### IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#30] be **GRANTED,** and that all claims against Defendants Hodge and Owens be **DISMISSED without prejudice**.

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 14, 2019

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge