IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-0011-WJM-KLM

CHRISTOPHER COX,

    Plaintiff,

v.

STEVE OWENS, Warden of Colorado State Penitentiary,
PHYSICIANS HEALTH PARTNERS, INSUR., and
RICHARD HODGE, M.D.,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S FEBRUARY 14, 2019 RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Christopher Cox ("Cox") is an inmate in the custody of the Colorado Department of Corrections ("CDOC"). Acting as his own attorney, he has sued Steve Owens ("Owens"), Warden of the Colorado State Penitentiary ("CSP"); Dr. Richard Hodge ("Dr. Hodge"), a physician who sees patients at CSP; and "Physicians Health Partners, Insur." ("PHP"), an entity that acts somewhat like a health insurance administrator for CDOC. Cox complains that he has received constitutionally inadequate treatment for a hernia, in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

Owens and Dr. Hodge moved to dismiss Cox's claims against them. (ECF No. 30.)[1] The Court referred the motion to U.S. Magistrate Judge Kristen L. Mix for a

---

[1] PHP was not served until after this motion was filed, and the case against it is proceeding on a separate track.

recommended disposition. (ECF No. 31.) Now before the Court is Judge Mix's February 14, 2019 recommendation that the motion be granted ("Recommendation"). (ECF No. 50.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Cox has objected to the Recommendation. (ECF No. 56.) For the reasons explained below, the Court will overrule these objections and adopt the Recommendation in full.

## I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II. BACKGROUND

At the time this lawsuit began, Cox was an inmate at CSP in Cañon City, Colorado. (ECF No. 50 at 2.) He developed a hernia there. (*Id.* at 3.) Dr. Hodge recommended surgery but Defendant PHP declined Dr. Hodge's authorization request due to a policy that deemed hernia surgery to be elective unless the hernia is strangulated or incarcerated. (*Id.*) Apparently Cox's hernia is not strangulated or incarcerated (he does not allege that it is either) because Dr. Hodge then began treating Cox with a hernia belt and stool softeners. (*Id.*) Cox alleges that this approach has been ineffective to relieve the discomfort. (*Id.*)

Cox sued Owens (CSP's warden) in his individual and official capacities; Dr. Hodge in his individual and official capacities; and PHP. Owens, in his individual capacity, was previously dismissed (ECF No. 19), so he remains a defendant only in his official capacity—or in other words, only for purposes of potential injunctive relief.

Not long after this lawsuit started, Cox was transferred to the Arkansas Valley Correctional Facility ("AVCF") in Ordway, Colorado. (ECF No. 50 at 2.)

## III. ANALYSIS

### A. General Eighth Amendment Principles

Cox brings this lawsuit under the Eighth Amendment, which protects against the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials to objectively serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Objectively serious medical needs are those that have "been diagnosed by a physician as mandating treatment or [are] so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Al-*

3

*Turki v. Robinson*, 762 F.3d 1188, 1192–93 (10th Cir. 2014) (internal quotation marks omitted).  A prison official is deliberately indifferent to such a need when the official "knows of and disregards [the medical need]; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

**B.     Qualified Immunity**

Even if a constitutional violation is at stake, a defendant may be entitled to qualified immunity.  "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct."  *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (internal quotation marks omitted).  "The judges of the district courts . . . [may] exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  "A right is clearly established in this circuit when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains."  *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted).

**C.     Dr. Hodge (Individual Capacity)**

Judge Mix found that Cox has adequately pleaded the first part of his Eighth Amendment claim, namely, that his hernia is an objectively serious medical need.  (ECF No. 50 at 9–10.)  No party objects to this finding and it is not clearly erroneous.  The Court therefore adopts it.

4

Judge Mix further found that Cox has failed to plausibly plead the second part of his Eighth Amendment claim, namely, that Dr. Hodge was deliberately indifferent to Cox's need for hernia treatment. (*Id.* at 10–16.) Cox objects at length to this finding. (ECF No. 56 at 9–19.) The Court will therefore review it *de novo*.

Cox argues that, according to a website he found (or his family found for him), surgery is the only real treatment for a hernia. (*Id.* at 2–3.) As Judge Mix noted, however, the federal courts have recognized otherwise in previous cases of prisoners complaining that they were not receiving surgical treatment for their hernias. (ECF No. 50 at 12.) But the Court need not address that dispute directly. The Court is persuaded that the Tenth Circuit's unpublished disposition in *Karsten v. Camacho, P.A.*, 595 F. App'x 835 (10th Cir. 2014), presents the correct analysis of this type of claim.

In *Karsten*, a federal prisoner complained of a hernia and received a surgery recommendation from a physician, but a prison committee that controlled healthcare expenditures (similar to PHP's role here) refused to authorize the surgery. *Id.* at 836. The prisoner then met with a physician's assistant ("PA") who gave him a hernia belt. *Id.* The prisoner eventually sued the PA, but the Tenth Circuit held that the prisoner had failed to state a claim of deliberate indifference because the PA was constrained in his ability to care for the prisoner by, among other things, the committee's rejection of the original surgery recommendation: "[The prisoner] has not raised a plausible claim that [the PA's] failure to do more than he did evinced deliberate indifference to [the prisoner's] pain." *Id.* at 837.

Dr. Hodge was likewise constrained. He recommended surgery but PHP refused. So Dr. Hodge carried out the treatment plan that PHP would permit, namely,

5

the hernia belt and stool softeners.  In short, Cox's complaint shows that Dr. Hodge did *not* disregard Cox's serious medical need.  Judge Mix was therefore correct in finding as much.

Cox asserts, nonetheless, that Dr. Hodge at least had a duty to keep pushing for surgery.  (ECF No. 56 at 10, 16, 18.)  If this is Cox's actual theory of Eighth Amendment liability, Dr. Hodge is entitled to qualified immunity.  Cox cites no authority showing that prisoners have a clearly established right to assistance from medical officials in overcoming prison regulations that appear to stand in the way of medically recommended care.  The Court is confident that no such right is clearly established. *See Vasquez v. Davis*, 226 F. Supp. 3d 1189, 1213–19 (D. Colo. 2016) (discussing this issue and finding no clearly established right nor any way of formulating the right that would give prison officials clear guidance of their responsibilities when prison regulations interfere with what medical professionals would otherwise recommend), *aff'd in part, vacated in part on other grounds*, 882 F.3d 1270 (10th Cir. 2018).

For all these reasons, the Court adopts Judge Mix's recommendation that the claim against Dr. Hodge should be dismissed with prejudice.

**D.     Owens & Dr. Hodge (Official Capacity)**

As noted above, Owens remains a defendant in his official capacity, for purposes of injunctive relief.  Dr. Hodge is also a defendant in his official capacity, presumably for the same purposes.  Judge Mix stated that "it is unclear what sort of injunctive relief [Cox] seeks," but she "liberally construe[d] [his] requested injunction [as] seek[ing] an order granting him the surgery he desires."  (ECF No. 50 at 18.)  Aside from the questions of (a) whether Owens may order a medical procedure despite PHP's refusal to authorize it, (b) whether Dr. Hodge is qualified to perform hernia surgery, and (c)

whether Dr. Hodge can make a surgery happen even if he cannot perform it himself, this raises a general mootness question because Cox is no longer housed at CSP—meaning Owens is no longer his warden and Dr. Hodge is no longer his physician. Judge Mix found that the official capacity claims were therefore moot and should be dismissed without prejudice for lack of subject matter jurisdiction. (ECF No. 50 at 17–21.) Cox objects to this finding. (ECF No. 56 at 20–22.) The Court will review the matter *de novo*.

There appears to be no dispute that an order from this Court requiring Owens or Dr. Hodge to perform a surgery or cause it to be performed would currently be pointless because Owens and Dr. Hodge work at CSP, not AVCF. In that sense, then, Cox's claim for injunctive relief is certainly moot. Cox argues, however, that "many factors could result in [him] being transferred back to CSP at any time." (ECF No. 56 at 20.) Perhaps so, but it would *still* be pointless to issue an injunction against Owens or Dr. Hodge until that (speculative) transfer happens.

To be clear, this is not (contrary to the emphasis in some of the filings) a "capable of repetition, yet evading review" problem. Nor is it a problem of allegedly opportunistic prison transfers to insulate prison officials from scrutiny. This is simply a "you're suing the wrong defendant" problem: Cox seeks prospective relief against defendants who cannot presently carry out that prospective relief. Accordingly, the Court agrees with Judge Mix that the official capacity claims against Owens and Dr. Hodge are moot, and so adopts that portion of the Recommendation as well.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

7

1. Cox's Objections to the Recommendation (ECF No. 56) are OVERRULED;

2. The Magistrate Judge's February 14, 2019 Recommendation (ECF No. 50) is ADOPTED;

3. Defendants Owens's and Defendant Hodge's Motion to Dismiss (ECF No. 30) is GRANTED;

4. All claims against Defendant Hodge in his individual capacity are DISMISSED WITH PREJUDICE;

5. All claims against Defendants Owens or Hodge in their official capacities are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and

6. Cox's claims against PHP shall move forward with the setting of a Scheduling Conference before Judge Mix, or in such other manner that Judge Mix deems appropriate to advance the remaining claims in this action.

Dated this 9th day of May, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge